\*\*E-Filed 4/20/2010\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| BRYAN RUSSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>INDYMAC BANK, F.S.B., QUALITY LOAN SERVICE CORP., and DOES 1-10, inclusive,<br><br>    Defendants | Case Number   C 09-03134-JF (PVT)<br><br>ORDER[1] GRANTING FDIC'S MOTION TO DISMISS<br><br>[re: docket no. 27] |

    On June 11, 2009, Plaintiff Bryan Russell filed a complaint in the Santa Clara Superior Court against Defendants IndyMac Bank, F.S.B. ("IndyMac"), Quality Loan Service Corp.,[2] and Does 1-10, alleging seven state-law claims for relief.[3] On June 4, 2009, Plaintiff filed an amendment to his complaint naming OneWest Bank, F.S.B. and the Federal Deposit Insurance Corporation ("FDIC") as additional defendants.

    On July 10, 2009, the FDIC, in its capacity as Receiver for IndyMac and IndyMac Federal

---

  [1] This disposition is not designated for publication in the official reports.

  [2] On August 13, 2009, Plaintiff voluntarily dismissed Quality Loan Service Corp. pursuant to Fed. R. Civ. P. 41(a).

  [3] Plaintiff's alleged claims for relief, each arising from a loan secured by a Deed of Trust on Plaintiff's property located at 2098 Ardis Drive, San Jose, California 95125, include the following: breach of contract, promissory estoppel, cancel of trustee's deed, quite title, declaratory relief, accounting, and negligence.

Bank, F.S.B. ("IndyMac Federal"), removed the instant action to this Court based solely upon its status as a party to the case pursuant to 12 U.S.C. § 1819(b)(2)(B). On March 4, 2010, the FDIC moved to dismiss for failure to state a claim. The motion is unopposed. Pursuant to Civil Local Rule 7-1(b), the Court has determined that the motion is appropriate for determination without oral argument.

In its moving papers, the FDIC cites the formal determination of its Board of Directors that the total assets of the IndyMac and IndyMac Federal receiverships were worthless. 74 Fed. Reg. 59540 (published notice of worthlessness determination) (stating that all unsecured creditors' claims have no value). Plaintiff's claims for relief thus are moot as to the FDIC because no effective relief can be granted. *Heinrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007) (holding that "[n]o assets remain[ed] in the receivership to satisfy [the plaintiff's] claim, thus rendering the claim moot"), citing *Adams v. Resolution Tr. Corp.,* 927 F.2d 348, 354 (8th Cir.1991) (holding that where the FDIC would never possess any assets to satisfy the plaintiff's claim, the claim was moot and did not "satisfy the case or controversy requirement of Article III" because it was not "redressable by favorable judicial decision"). Moreover, Plaintiff's claim for equitable relief is precluded under 12 U.S.C. § 1821(j). *See Sahni v. American Diversified Partners*, 83 F.3d 1054, 1059 (9th Cir. 1996) ("The granting of Sahni's request in the present case to rescind the asset sales by the FDIC would constitute an improper judicial restraint on the FDIC in violation of § 1821(j)"); *see also Sharpe v. F.D.I.C.*, 126 F.3d 1147, 1155 (9th Cir. 1997) (holding that claims for "rescission and declaratory relief must fall under an exception to § 1821(j) in order to survive"). Accordingly, the FDIC's motion to dismiss is GRANTED, without leave to amend. The hearing date on the instant motion is hereby vacated.

**IT IS SO ORDERED.**

DATED: April 20, 2010

_____
JEREMY FOGEL
United States District Judge